Date Signed:
July 16, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Salvador Cacho Cordero<br><br>Debtor | Case No. 17-01071<br>(Chapter 11)<br><br>Confirmation Hearing<br><br>Date:   June 22, 2020<br>Time:   2:00 p.m.<br>Judge:  Hon. Robert J. Faris<br><br>[Related to dkt. # 302, 318] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING [FIRST AMENDED] COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

The hearing to confirm the Trustee's [*First Amended*] *Combined Plan of Reorganization and Disclosure Statement* (the "Plan")[1] was held on June 22, 2020, at 2:00 p.m. ("Confirmation Hearing") before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii.  Appearances were as noted on the record.

Having considered all of the pleadings and evidence filed in support of

---

[1]  Capitalized terms not herein defined shall have the meaning set forth in the Plan.

1

confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Salvador Cacho Cordero (the "Debtor") filed a voluntary petition for relief on October 15, 2017 under Chapter 11 of the Bankruptcy Code. *See* dkt. #1.

2. Pursuant to an *Order Granting Secured Creditor First Hawaiian Bank's Motion for Appointment of Chapter 11 Trustee or in the Alternative to Convert Case to Chapter 7*, entered on January 17, 2018, Richard A. Yanagi (the "Trustee") was appointed as the Chapter 11 trustee for the Debtor's bankruptcy estate. *See* dkt # 97.

3. On April 30, 2020, the Trustee filed his *Combined Plan of Reorganization and Disclosure Statement [for Plan]* (the "Original Plan"). *See* dkt. # 302.

4. On May 4, 2020, the Court entered that certain *Order Granting Ex Parte Motion For Preliminary Approval For Combined Plan Of Reorganization And Disclosure Statement And Scheduling Combined Disclosure Statement And Confirmation Hearing* ("Solicitation Order") that, among other things, (a) preliminarily approved the Original Plan for solicitation without a separate

2

disclosure hearing, (b) established June 22, 2020 for the confirmation of the Original Plan and approval of the disclosure statement embedded in the Original Plan, (c) established procedures for soliciting and tabulating votes with respect to the Original Plan, and (d) established procedures governing the Confirmation Hearing. *See* dkt. #304.

5. In accordance with the Solicitation Order, the Trustee caused the following items to be transmitted: (a) the Original Plan, (b) the *Notice of Hearing regarding Trustee's Combined Plan and Disclosure Statement*, and (c) with respect to those creditors in classes entitled to vote under the Original Plan and the Solicitation Order, a ballot to the appropriate parties on or before May 8, 2020. See dkt. ## 307, 308-311. Such service was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

6. On June 8, 2020, U.S. Bank National Association, as trustee for RMAC Trust, Series 2016-CTT and Rushmore Loan Management Services, LLC jointly filed a *Limited Objection to Confirmation of Trustee's Chapter 11 Plan*. *See* dkt. #316.

7. On June 15, 2020, the Trustee filed his (1) *First Amended Combined Plan of Reorganization and Disclosure Statement*; (2) *Confirmation Brief for [First Amended] Combined Plan of Reorganization and Disclosure Statement*; and

3

(3) *Declaration of Richard A. Yanagi in Support of Confirmation of the Combined Plan of Reorganization and Disclosure Statement*. *See* dkt. #318.

8. On June 15, 2020, the Trustee also filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). *See* dkt. #322.

9. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

10. This Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of this case.

11. The Trustee has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

12. To the extent not resolved or withdrawn the Objections to the *Combined Plan of Reorganization and Disclosure Statement [for Plan]*, are overruled in all respects.

## Bankruptcy Code Requirements For Confirmation and Classification

13. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

14. The Plan specifies that Classes 1 through 3 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

15. The Plan designates that Classes 4, 5, and 6 are impaired and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

16. The interest of the Debtor and the Sal Trust (Class 7) is deemed to reject the Plan as holders of Class 7 Claims receive receiving nothing under the Plan.

17. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 4, 5, and 6. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

18. As set forth in the Ballot Tabulation and clarified in the record, Classes 5 and 6 voted to accept the Plan, pursuant to section 1126(c) of the Bankruptcy Code.

## Secured Claims

19. The holders of the Allowed Secured Claims (Classes 1, 2 and 3) will receive at least as much as they would receive in a case under chapter 7 with respect to those Secured Claims. The Treatment of Classes 1, 2 and is fair and equitable and does not unfairly discriminate against said Classes. The holder of the Allowed claim in Classes 1, 2, and 3 will retain their respective liens under the Plan and the automatic stay in this case shall terminate as of the Effective Date of the Plan. For the avoidance of doubt, the Debtor shall not be discharged from any pre-petition obligations to mortgage lenders until such obligations are satisfied.

20. The holder of Allowed Claim of Edwin Caraang (Class 5) will receive more than he would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 65-75% of his total claim amount. The holder of Class 5 will receive approximately 80% of his Allowed Claims under the Plan.

## Contribution Claim

21. The holders of Allowed Contribution Claim of Ann Lou Cordero/ Ann Lou Trust (Class 4) would have received as much as they would receive in a case

6

under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately100% of their total claim amount

## Unsecured Claim

22.     The holders of Allowed General Unsecured Claims (Class 6) will receive more than they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 63.5-74% of their total claim amount.  Holders of Allowed Claims in Class 6 will receive approximately 80% of their Allowed Claims under the Plan.

23.     As a result, holders of Allowed Claims in Classes 4, 5 and 6 will receive as much or more under the Plan than in a case under chapter 7.

## Equity Interests

24.     Allowed Equity Interest in Class 7 will not receive a distribution under the Plan.  Class 7 would not receive any consideration if Debtor's case were converted to a case under chapter 7.

25.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

7

U.S. Bankruptcy Court - Hawaii   #17-01071   Dkt # 334   Filed  07/16/20   Page 7 of 18

## Means of Implementation

26. The Plan provides adequate and proper means for the Plan's implementation. The Plan will be funded from the Chapter 11 operating account and Escrowed Funds and will also be implemented through the transfer of the Estate's interest in 217 Kono and the Hookahi Property to the Ann Lou Trust, and subject to the Debtor's written consent, the transfer of the One Property to the Ann Lou Trust.

27. The Trustee has demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases. No party to an executory contract has objected to the Plan or the assumption or assignment of any executory contract or lease.

28. The Trustee has exercised sound and considered business judgment in the formulation of the Plan. The Trustee has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

29. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

30. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

# CONCLUSIONS OF LAW

## Jurisdiction and Venue

31. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

32. This Bankruptcy Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

## Confirmation Requirements

## Section 1129(a)

33. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

   (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

   (b) The Plan specifies the treatment of each Class that is not

U.S. Bankruptcy Court - Hawaii   #17-01071   Dkt # 334   Filed 07/16/20   Page 9 of 18

impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

  (c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

  (d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

  (e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

  (f) Section 1123(a)(6) through 1123(a)(8) do not apply to the Debtor or the Plan;

  (g) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

  (h) The Plan is dated and identifies the Trustee as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

## Section 1129(a)(2)

34. The Trustee has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

  (a) The Trustee has complied with applicable provisions of the

10

Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(b) The Trustee complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

35. Adequate and sufficient notice of the modifications to the Original Plan has been given, and no other further notice or re-solicitation of votes on the Plan is required. None of the modifications incorporated in the final confirmed Plan adversely affects the treatment of any Claim or Interest thereunder. The filing with the Bankruptcy Court of the final confirmed Plan constitutes due and sufficient notice thereof.

36. Pursuant to section 1127(a) of the Bankruptcy Code and Rule 3019 of the Bankruptcy Rules, none of these modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims be afforded an opportunity to change previously cast votes in respect of Plan Confirmation. Accordingly, the Plan is confirmed.

37. All modifications to the Original Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or

U.S. Bankruptcy Court - Hawaii   #17-01071   Dkt # 334   Filed 07/16/20   Page 11 of 18

changes that have been either consented to by affected constituents (Classes 4 and 5) or which do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or resolicitation of votes under 11 U.S.C. 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Class 4 has consented to the modified treatment and Class 5 did not object. The modifications do not change the treatment for the accepting Class 6. Therefore, the acceptances of Classes 5 and 6 are conclusively presumed to have accepted the modifications contained in the final, confirmed Plan. Additional notice under Bankruptcy Rule 3019(a) is not required.

### Section 1129(a)(3)

38. The Trustee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Trustee is evident from the facts and records of this Chapter 11 Case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this Chapter Case. The Plan was proposed with the legitimate and honest purpose of paying the Debtor's creditors, including joint creditors. All creditors will receive as much or more under the Plan as they would have under chapter 7 liquidation.

39. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge when it is granted. Moreover, the Plan provides a mechanism for parties in this Chapter 11 Case to seek relief from the injunctions.

### Section 1129(a)(4)

40. Any payment made or to be made by the Trustee for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

### Section 1129(a)(5)

41. Section 1129(a)(5) of the Bankruptcy Code does not apply to this Debtor.

### Section 1129(a)(6)

42. Section 1129(a)(6) of the Bankruptcy Code does not apply to this Debtor.

### Section 1129(a)(7)

43. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the

U.S. Bankruptcy Court - Hawaii   #17-01071   Dkt # 334   Filed 07/16/20   Page 13 of 18

Plan, on account of such Claim , property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8)

44. Classes 5 and 6 are impaired and have voted to accept the Plan in accordance with section 1126(d) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

### Section 1129(a)(9)

45. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

46. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

### Section 1129(a)(11)

47. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need

14

U.S. Bankruptcy Court - Hawaii   #17-01071   Dkt # 334   Filed 07/16/20   Page 14 of 18

for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

48. In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Trustee need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Trustee need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

### Section 1129(a)(12)

49. All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Trustee and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

### Section 1129(a)(13)

50. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

### Other Matters

51. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy

Code section § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

52. Based on the record before the Court in this Chapter 11 Case, the Trustee and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

53. The release, injunction, and exculpation provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and this Estate.

54. The information contained in the Plan and in Exhibit "1" thereto contains adequate information and no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

16

U.S. Bankruptcy Court - Hawaii    #17-01071    Dkt # 334    Filed 07/16/20    Page 16 of 18

55. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

56. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

57. The Trustee has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Any Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by the Trustee of each Assumed Executory Contract to which it is a party have been satisfied.

58. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section VII.3 of the Plan and Bankruptcy Code section 1142. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

59. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax,

conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

60. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

61. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Submitted by:

CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Richard A. Yanagi,
Chapter 11 Trustee